## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**MONICA FIELDMAN,**

    **Plaintiff,**

                                      **Case No.: 6:23-cv-00335**

**v.**

**TRANS UNION, LLC, and,**
**EQUIFAX INFORMATION SERVICES, LLC, and,**
**EXPERIAN INFORMATION SOLUTIONS, INC.,**

    **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

1.    United States Congress, pursuant to the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq. ("FCRA" or Act) has found that the banking system is dependent on fair and accurate credit reporting. Inaccurate credit reporting directly impairs the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers. There is a need to ensure that consumer reporting agencies exercise their great responsibility with fairness, impartiality, and respect for the consumers' right to privacy. It is the purpose of 15 U.S.C. § 1681 et seq. to require that consumer

1

reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and the proper utilization of such information in accordance with the requirements of 15 U.S.C. § 1681 et seq.

2.    The Plaintiff, Monica Fieldman, (Plaintiff) by and through her undersigned counsel, brings this action to challenge the actions of the Defendants, Equifax Information Services LLC (Equifax), Experian Information Solutions Inc. (Experian), and Trans Union LLC (Trans Union) with regard to their violation of 15 U.S.C. § 1681 et seq. by those respective Defendants.

3.    The violations are described below with specificity, this complaint alleges violation of the statute cited in its entirety.

4.    Unless otherwise indicated, the use of the defendant's name in this complaint includes all ages, employees, officers, members, directors, heir, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers of defendants named.

## JURISDICTION AND VENUE

5.    The Jurisdiction of this Court arrives as pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p et seq.

6.     This action arises out of the Defendant's violations of the Fair Credit Reporting Act (FRCA), 15 U.S.C. § 1681 et seq. ("FCRA").

7.     As each of the Defendants conduct business within the state of Florida, Personal Jurisdiction is established.

8.     Venue is pursuant to 28 U.S.C. § 1391 for the following reasons:

A) Monica Fieldman resides in New Smyrna Beach, Florida in Volusia County which is within the judicial district.

B) The conduct complained of herein occurred within this judicial district.

C) The Defendants conducted business within the judicial district at all relevant times.

9.     Monica Fieldman is a natural person who resides in New Smyrna Beach in Volusia County, State of Florida.  All the conduct engaged by the Defendants took place in Florida.

10.     Any violations by the Defendants were known, willful, and intentional, and the Defendants did not maintain procedures reasonably adapted to avoid any such violations.

11.     Plaintiff is a "consumer" as determined defined by 15 U.S.C. § 1681(a)(c).

12.     Each of the Defendants are companies operating within the State of Florida.

13.     Equifax, Experian, and Trans Union are a "consumer reporting agency" as determined and defined in 15 U.S.C. § 1681(a)(f).

## FACTS AND ALLEGATIONS

14.     At all times relevant, Plaintiff is an individual residing within the State of Florida.

15.     On information and belief, on a date better known to Defendants, the Defendants prepared and issued credit reports concerning the Plaintiff that included information relating to various accounts listed on her credit report.

16.     These accounts included, but were not limited to, Kohls, Discover, Target, Mountainrunso, and LVNV Funding, as well as Portfolio Recovery.

17.     These credit reporting agencies have been reporting this inaccurate through the issuance of false and inaccurate credit information and consumer reports that is disseminated to various persons and credit grantors, both known and unknown.

18.     Plaintiff notified these credit reporting agencies that she disputed the accuracy of the information on or about February 6, 2021.

19.     Plaintiff included in her dispute, items verifying her identification such as her address, date of birth and partial social security number.

20.     Despite the dispute by the Plaintiff, that the information on her consumer report was inaccurate with respect to the disputed account, these credit reporting agencies did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed account was inaccurate.

21.     These credit reporting agencies violated 15 United States Code § 1681I(A)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed tradelines within 30 days of receiving Plaintiff's dispute letter.

22.     Notwithstanding Plaintiff's efforts, the Defendants continued to publish and disseminate such inaccurate information to other parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

23.     As a result of the Defendants' failure to comply with the FCRA, the Plaintiff has suffered concrete harm in the form of a loss of credit, loss of ability to purchase and benefit from credit, a negative effect on applications for future credit, and mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## COUNT I
## WILLFUL VIOLATION OF THE FCRA
## (MONICA FIELDMAN as to TRANS UNION, LLC)

24.     Plaintiff incorporates by reference the above paragraphs 1 through 23 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length.

25.     This is an action for willful violation of Fair Credit Reporting Act U.S.C. § 1681 et seq.

26.     The Defendant, Trans Union, LLC, violated 15 § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of a credit report and credit files that Trans Union maintained concerning the Plaintiff.

27.     The Defendant Trans Union continued to show a past due balance or an inaccurate account or verification failure.  The Defendant Trans Union continued to show a past due balance for Kohls which was in error; The Defendant Trans Union continued to show a past due balance for Discover which was in error; The Defendant Trans Union failed to provide proof as to account verification or verify the Target account within the time limits set by FCRA; The Defendant Trans Union failed to provide account verification or verify the Mountainrunso account within the time limits of FCRA; The Defendant Trans Union failed to provide account verification or verify the LVNV Funding account within the time limits of FCRA.

28.     Trans Union has willfully and recklessly failed to comply with the Act as to the accounts listed in paragraph 27 above.  The failure of Trans Union to comply with the Act includes but are not necessarily limited to the following:

A)     The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

B)     The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

C)     The failure to remove and/or correct the inaccuracies and derogatory credit information after a reasonable request by the Plaintiff;

D)     The failure to promptly and adequately investigate information which defendant, Trans Union, had notice was inaccurate;

E)     The continual placement of inaccurate information to the credit report of the Plaintiff after being advised by the plaintiff that the information was inaccurate;

F)     The failure to continuously note in the credit report that Plaintiff disputed the accuracy of the information;

G)     The failure to properly delete information that was found to be inaccurate or could be verified, or that source of information had advised Trans Union to delete;

H)      The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

29.     As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from the credit, chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

30.     The conduct, action and inaction of Trans Union was willful rendering Trans Union liable for actual, statutory and punitive damages in the amount to be determined by the judge and/or jury pursuant to 15 U.S.C. § 1681(n).

31.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

32.     As a result of each and every negligence violation of FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681(o)(a)(1) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681(o)(a)(2) from each Defendant.

33.     As a result of each and every violation of FCRA, Plaintiff is entitled to actual damages or damages of not more than $1,000.00 and such amount as the Court may allow pursuant to 15 U.S.C. § 1681(n)(a)(1)(A); punitive damages as the Court

may allow pursuant to 15 U.S.C. § 1681(n)(a)(2); and reasonable attorney's fees and costs pursuant to U.S.C. § 1681(n)(a)(3) from each Defendant.

WHEREFORE, the Plaintiff, Monica Fieldman, demands judgment in her favor against the Defendant, Trans Union, LLC, for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681 et. seq.:

1.  An award of actual damages in the amount to be determined at trial pursuant to 15 U.S.C. § 1681(o)(a)(1) against each defendant for each incident of negligent noncompliance of FCRA;

2.  An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681(n)(a)(3) and against each defendant for each incident of negligent noncompliance of FCRA;

3.  An award of actual damages in the amount to be determined by the Court or damages of a maximum of $1,000.00 pursuant to 15 U.S.C. § 1681(n)(a)(1)(A), against each defendant for each incident of willful noncompliance of FCRA;

4.  An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681(n)(a)(2), against each defendant for each incident of willful noncompliance to the FCRA;

5.    An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681(n)(a)(3) and 15 U.S.C. § 1681(o)(a)(2) against each defendant for each incident of noncompliance of FCRA;

6.    Any and all other relief the Court deems just and proper.

**COUNT II**
**NEGLIGENT VIOLATION OF THE FCRA**
**(MONICA FIELDMAN as to TRANS UNION, LLC)**

34.    Plaintiff incorporates by reference the above paragraphs 1 through 23 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length.

35.    This is an action for negligent violation of Fair Credit Reporting Act U.S.C. § 1681 et seq.

36.    Trans Union violated 15 U.S.C. § 1682I(A) by failing to delete inaccurate information from the credit report of the Plaintiff after receiving an actual notice of said inaccuracies and conducting re-investigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

37.    The Defendant Trans Union continued to show a past due balance or an inaccurate account or verification failure.  The Defendant Trans Union continued to show a past due balance for Kohls which was in error; The Defendant Trans Union continued to show a past due balance for Discover which was in error; The

Defendant Trans Union failed to provide proof as to account verification or verify the Target account within the time limits set by FCRA; The Defendant Trans Union failed to provide account verification or verify the Mountainrunso account within the time limits of FCRA; The Defendant Trans Union failed to provide account verification or verify the LVNV Funding account within the time limits of FCRA.

38.     Trans Union has negligently failed to comply with the acts to the accounts listed in paragraph 37 above.  The failure of Trans Union to comply with the Act includes, but are not necessarily limited to the following:

A)     The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

B)     The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

C)     The failure to remove and/or correct the inaccuracies and derogatory credit information after a reasonable request by the Plaintiff;

D)     The failure to promptly and adequately investigate information which Defendant, Trans Union, had notice was inaccurate;

E)     The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

F) The failure to continuously note in the credit report that Plaintiff disputed the accuracy of the information;

G) The failure to properly delete information that was found to be inaccurate, or could not be verified, or that source of the information had advised Trans Union to delete;

H) The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

39. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

40. The conduct, action and inaction of Trans Union was negligent entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

41. The Plaintiff is entitled to recover reasonable attorney's fees and attorney's fees from Trans Union in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681(o).

42. As a result of each and every negligence violation of FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681(o)(a)(1) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681(o)(a)(2) from each Defendant.

43.     As a result of each and every violation of FCRA, Plaintiff is entitled to actual damages or damages of not more than $1,000.00 and such amount as the Court may allow pursuant to 15 U.S.C. § 1681(n)(a)(1)(A); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681(n)(a)(2); and reasonable attorney's fees and costs pursuant to U.S.C. § 1681(n)(a)(3) from each Defendant.

WHEREFORE, the Plaintiff, Monica Fieldman, demands judgment in her favor against the Defendant, Trans Union, LLC, for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681 et. seq.:

1.     An award of actual damages in the amount to be determined at trial pursuant to 15 U.S.C. § 1681(o)(a)(1) against each defendant for each incident of negligent noncompliance of FCRA;

2.     An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681(n)(a)(3) and against each defendant for each incident of negligent noncompliance of FCRA;

3.     An award of actual damages in the amount to be determined by the Court or damages of a maximum of $1,000.00 pursuant to 15 U.S.C. § 1681(n)(a)(1)(A), against each defendant for each incident of willful noncompliance of FCRA;

4.      An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681(n)(a)(2), against each defendant for each incident of willful noncompliance to the FCRA;

5.      An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681(n)(a)(3) and 15 U.S.C. § 1681(o)(a)(2) against each defendant for each incident of noncompliance of FCRA;

6.      Any and all other relief the Court deems just and proper.

## COUNT III
## WILLFUL VIOLATION OF THE FCRA
## (MONICA FIELDMAN at to EQUIFAX INFORMATION SERVICES, LLC)

44.      Plaintiff incorporates by reference the above paragraphs 1 through 23 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length.

45.      This is an action for willful violation of Fair Credit Reporting Act U.S.C. § 1681 et seq.

46.      The Defendant, Equifax Information Services, LLC, violated 15 § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of a credit report and credit files that Equifax maintained concerning the Plaintiff.

47.      The Defendant Equifax continued to show a past due balance or an inaccurate account or verification failure. The Defendant Equifax continued to show

a past due balance for Kohls which was in error; The Defendant Equifax continued to show a past due balance on Discover which was in error; The Defendant Equifax failed to provide proof as to account verification or verify the Target account within the time constraints of FCRA; The Defendant Equifax failed to provide proof as to account verification or verify the LVNV Funding account within the time limits of FCRA.

48.    Equifax has willfully and recklessly failed to comply with the Act with reference to the accounts listed in paragraph 47 above. The failure of Equifax to comply with the Act includes but are not necessarily limited to the following:

A)    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

B)    The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

C)    The failure to remove and/or correct the inaccuracies and derogatory credit information after a reasonable request by the Plaintiff;

D)    The failure to promptly and adequately investigate information which defendant, Equifax, had notice was inaccurate;

E)    The continual placement of inaccurate information to the credit report of the Plaintiff after being advised by the plaintiff that the information was inaccurate;

F)    The failure to continuously note in the credit report that Plaintiff disputed the accuracy of the information;

G)    The failure to properly delete information that was found to be inaccurate or could be verified, or that source of information had advised Equifax to delete;

H)    The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

49.    As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from the credit, chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

50.    The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in the amount to be determined by the judge and/or jury pursuant to 15 U.S.C. § 1681(n).

51.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

52.     As a result of each and every negligence violation of FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681(o)(a)(1) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681(o)(a)(2) from each Defendant.

53.     As a result of each and every violation of FCRA, Plaintiff is entitled to actual damages or damages of not more than $1,000.00 and such amount as the Court may allow pursuant to 15 U.S.C. § 1681(n)(a)(1)(A); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681(n)(a)(2); and reasonable attorney's fees and costs pursuant to U.S.C. § 1681(n)(a)(3) from each Defendant.

WHEREFORE, the Plaintiff, Monica Fieldman, demands judgment in her favor against the Defendant, Equifax Information Services, LLC, for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681 et. seq.:

1.     An award of actual damages in the amount to be determined at trial pursuant to 15 U.S.C. § 1681(o)(a)(1) against each defendant for each incident of negligent noncompliance of FCRA;

2.     An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681(n)(a)(3) and against each defendant for each incident of negligent noncompliance of FCRA;

3.     An award of actual damages in the amount to be determined by the Court or damages of a maximum of $1,000.00 pursuant to 15 U.S.C.

§ 1681(n)(a)(1)(A), against each defendant for each incident of willful noncompliance of FCRA;

4.    An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681(n)(a)(2), against each defendant for each incident of willful noncompliance to the FCRA;

5.    An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681(n)(a)(3) and 15 U.S.C. § 1681(o)(a)(2) against each defendant for each incident of noncompliance of FCRA;

6.    Any and all other relief the Court deems just and proper.

**COUNT IV**
**NEGLIGENT VIOLATION OF THE FCRA**
**(MONICA FIELDMAN as to EQUIFAX INFORMATION SERVICES, LLC)**

54.    Plaintiff incorporates by reference the above paragraphs 1 through 23 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length.

55.    This is an action for negligent violation of Fair Credit Reporting Act U.S.C. § 1681 et seq.

56.    Equifax violated 15 U.S.C. § 1682I(A) by failing to delete inaccurate information from the credit report of the Plaintiff after receiving an actual notice of said inaccuracies and conducting re-investigation and by failing to maintain

reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

57. The Defendant Equifax continued to show a past due balance or an inaccurate account or verification failure. The Defendant Equifax continued to show a past due balance for Kohls which was in error; The Defendant Equifax continued to show a past due balance on Discover which was in error; The Defendant Equifax failed to provide proof as to account verification or verify the Target account within the time constraints of FCRA; The Defendant Equifax failed to provide proof as to account verification or verify the LVNV Funding account within the time limits of FCRA.

58. Equifax has negligently failed to comply with the Act with reference to the accounts listed in paragraph 57 above. The failure of Equifax to comply with the Act includes, but are not necessarily limited to the following:

A) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

B) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

C) The failure to remove and/or correct the inaccuracies and derogatory credit information after a reasonable request by the Plaintiff;

D)      The failure to promptly and adequately investigate information which Defendant, Equifax, had notice was inaccurate;

E)      The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

F)      The failure to continuously note in the credit report that Plaintiff disputed the accuracy of the information;

G)      The failure to properly delete information that was found to be inaccurate, or could not be verified, or that source of the information had advised Equifax to delete;

H)      The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

59.     As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

60.     The conduct, action and inaction of Equifax was negligent entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

61.     The Plaintiff is entitled to recover reasonable attorney's fees and attorney's fees from Equifax in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681(o).

62.     As a result of each and every negligence violation of FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681(o)(a)(1) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681(o)(a)(2) from each Defendant.

63.     As a result of each and every violation of FCRA, Plaintiff is entitled to actual damages or damages of not more than $1,000.00 and such amount as the Court may allow pursuant to 15 U.S.C. § 1681(n)(a)(1)(A); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681(n)(a)(2); and reasonable attorney's fees and costs pursuant to U.S.C. § 1681(n)(a)(3) from each Defendant.

WHEREFORE, the Plaintiff, Monica Fieldman, demands judgment in her favor against the Defendant, Equifax Information Services, LLC, for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681 et. seq.:

1.     An award of actual damages in the amount to be determined at trial pursuant to 15 U.S.C. § 1681(o)(a)(1) against each defendant for each incident of negligent noncompliance of FCRA;

2.     An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681(n)(a)(3) and against each defendant for each incident of negligent noncompliance of FCRA;

3.     An award of actual damages in the amount to be determined by the Court or damages of a maximum of $1,000.00 pursuant to 15 U.S.C. § 1681(n)(a)(1)(A), against each defendant for each incident of willful noncompliance of FCRA;

4.     An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681(n)(a)(2), against each defendant for each incident of willful noncompliance to the FCRA;

5.     An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681(n)(a)(3) and 15 U.S.C. § 1681(o)(a)(2) against each defendant for each incident of noncompliance of FCRA;

6.     Any and all other relief the Court deems just and proper.

## COUNT V
## WILLFUL VIOLATION OF THE FCRA
## (MONICA FIELDMAN at to EXPERIAN INFORMATION SOLUTIONS, INC.)

64.     Plaintiff incorporates by reference the above paragraphs 1 through 23 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length.

65.     This is an action for willful violation of Fair Credit Reporting Act U.S.C. § 1681 et seq.

66.     The Defendant, Experian Information Solutions, Inc., violated 15 § 1681(e) by failing to establish or to follow reasonable procedures to assure

maximum possible accuracy in the preparation of a credit report and credit files that Experian maintained concerning the Plaintiff.

67.     The Defendant Experian continued to show a past due balance or an inaccurate account or verification failure. The Defendant Experian continued to show a past due balance for Kohls which was in error; The Defendant Experian continued to show a past due balance for Discover which was in error, The Defendant Experian failed to provide proof of account verification or verify the Target account within the time limits of FCRA; The Defendant Experian failed to show proof of account verification or verify the Mountainrunso account within the time constraints of FCRA; The Defendant Experian failed to show proof of account verification or verify the LVNV Funding account within the time limits of FCRA; The Defendant Experian failed to show proof of account verification or verify the Portfolio Recovery account within the time limits of FCRA.

68.     Experian has willfully and recklessly failed to comply with the Act with reference to the accounts listed in paragraph 67 above.  The failure of Experian to comply with the Act includes but are not necessarily limited to the following:

A)     The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

B)     The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

C) The failure to remove and/or correct the inaccuracies and derogatory credit information after a reasonable request by the Plaintiff;

D) The failure to promptly and adequately investigate information which defendant, Experian, had notice was inaccurate;

E) The continual placement of inaccurate information to the credit report of the Plaintiff after being advised by the plaintiff that the information was inaccurate;

F) The failure to continuously note in the credit report that Plaintiff disputed the accuracy of the information;

G) The failure to properly delete information that was found to be inaccurate or could be verified, or that source of information had advised Experian to delete;

H) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

69. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from the credit, chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

70. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in the amount to be determined by the judge and/or jury pursuant to 15 U.S.C. § 1681(n).

71. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

72. As a result of each and every negligence violation of FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681(o)(a)(1) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681(o)(a)(2) from each Defendant.

73. As a result of each and every violation of FCRA, Plaintiff is entitled to actual damages or damages of not more than $1,000.00 and such amount as the Court may allow pursuant to 15 U.S.C. § 1681(n)(a)(1)(A); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681(n)(a)(2); and reasonable attorney's fees and costs pursuant to U.S.C. § 1681(n)(a)(3) from each Defendant.

WHEREFORE, the Plaintiff, Monica Fieldman, demands judgment in her favor against the Defendant, Experian Information Solutions, Inc., for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681 et. seq.:

1.  An award of actual damages in the amount to be determined at trial pursuant to 15 U.S.C. § 1681(o)(a)(1) against each defendant for each incident of negligent noncompliance of FCRA;

2.     An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681(n)(a)(3) and against each defendant for each incident of negligent noncompliance of FCRA;

3.     An award of actual damages in the amount to be determined by the Court or damages of a maximum of $1,000.00 pursuant to 15 U.S.C. § 1681(n)(a)(1)(A), against each defendant for each incident of willful noncompliance of FCRA;

4.     An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681(n)(a)(2), against each defendant for each incident of willful noncompliance to the FCRA;

5.     An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681(n)(a)(3) and 15 U.S.C. § 1681(o)(a)(2) against each defendant for each incident of noncompliance of FCRA;

6.     Any and all other relief the Court deems just and proper.

## COUNT VI
## NEGLIGENT VIOLATION OF THE FCRA
## (MONICA FIELDMAN as to EXPERIAN INFORMATION SOLUTIONS INC.)

74.     Plaintiff incorporates by reference the above paragraphs 1 through 23 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length.

75.     This is an action for negligent violation of Fair Credit Reporting Act U.S.C. § 1681 et seq.

76.     Experian violated 15 U.S.C. § 1682I(A) by failing to delete inaccurate information from the credit report of the Plaintiff after receiving an actual notice of said inaccuracies and conducting re-investigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

77.     The Defendant Experian continued to show a past due balance or an inaccurate account or verification failure. The Defendant Experian continued to show a past due balance for Kohls which was in error; The Defendant Experian continued to show a past due balance for Discover which was in error, The Defendant Experian failed to provide proof of account verification or verify the Target account within the time limits of FCRA; The Defendant Experian failed to show proof of account verification or verify the Mountainrunso account within the time constraints of FCRA; The Defendant Experian failed to show proof of account verification or verify the LVNV Funding account within the time limits of FCRA; The Defendant Experian failed to show proof of account verification or verify the Portfolio Recovery account within the time limits of FCRA.

78.     Experian has negligently failed to comply with the Act with reference to the accounts listed in paragraph 77 above.  The failure of Experian to comply with the Act includes, but are not necessarily limited to the following:

A)     The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

B)     The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

C)     The failure to remove and/or correct the inaccuracies and derogatory credit information after a reasonable request by the Plaintiff;

D)     The failure to promptly and adequately investigate information which Defendant, Experian, had notice was inaccurate;

E)     The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

F)     The failure to continuously note in the credit report that Plaintiff disputed the accuracy of the information;

G)     The failure to properly delete information that was found to be inaccurate, or could not be verified, or that source of the information had advised Experian to delete;

H) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

79. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

80. The conduct, action and inaction of Experian was negligent entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

81. The Plaintiff is entitled to recover reasonable attorney's fees and attorney's fees from Experian in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681(o).

82. As a result of each and every negligence violation of FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681(o)(a)(1) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681(o)(a)(2) from each Defendant.

83. As a result of each and every violation of FCRA, Plaintiff is entitled to actual damages or damages of not more than $1,000.00 and such amount as the Court may allow pursuant to 15 U.S.C. § 1681(n)(a)(1)(A); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681(n)(a)(2); and reasonable attorney's fees and costs pursuant to U.S.C. § 1681(n)(a)(3) from each Defendant.

WHEREFORE, the Plaintiff, Monica Fieldman, demands judgment in her favor against the Defendant, Experian Information Solutions, Inc., for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681 et. seq.:

1. An award of actual damages in the amount to be determined at trial pursuant to 15 U.S.C. § 1681(o)(a)(1) against each defendant for each incident of negligent noncompliance of FCRA;

2. An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681(n)(a)(3) and against each defendant for each incident of negligent noncompliance of FCRA;

3. An award of actual damages in the amount to be determined by the Court or damages of a maximum of $1,000.00 pursuant to 15 U.S.C. § 1681(n)(a)(1)(A), against each defendant for each incident of willful noncompliance of FCRA;

4. An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681(n)(a)(2), against each defendant for each incident of willful noncompliance to the FCRA;

5. An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681(n)(a)(3) and 15 U.S.C. § 1681(o)(a)(2) against each defendant for each incident of noncompliance of FCRA;

6. Any and all other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, **MONICA FIELDMAN**, pursuant to the Fed. R. Civ. P. Rule 18

hereby demands and respectfully requests a trial by jury for all claims and issues in

this Complaint to which Plaintiff is or may be entitled to a jury trial.

Respectfully submitted,

**TRAGOS, SARTES & TRAGOS, PLLC**

*/s/George E. Tragos, Esq.*
George E. Tragos, Esq.
Florida Bar Number: 184830
Email: George@greeklaw.com
Secondary: Paralegal@greeklaw.com

*/s/ Tyler A. Dixon, Esq.*
Tyler A. Dixon, Esq.
Florida Bar Number: 1038434
Email: Tyler@greeklaw.com

2363 Gulf to Bay Blvd., Suite 100
Clearwater, FL 33765
T: 727.441.9030 / F: 727.441.9254
Attorneys for Plaintiff